IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02499-CNS

MEHRDAD MEHDIPOUR,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility and
GEORGE VALDEZ, Acting Field Office Director, Immigration and Customs
Enforcement, Denver Field Office,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner Mehrdad Mehdipour's Petition for Writ of Habeas Corpus and for Relief Under the Administrative Procedure Act or Under 42 U.S.C. Section 1983 or Under the U.S. Constitution, ECF No. 2, to which Respondents filed a response, ECF No. 7. Because the briefing demonstrates that Petitioner's challenge to Respondent's authority under 28 U.S.C. § 1225(b)(2) is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons explained below, the Petition is DENIED WITHOUT PREJUDICE.

Petitioner, a native and citizen of Iran, ECF No. 6-1 (Ketels Decl.)[1] ¶ 4, arrived in the United States in June 2023, *id.* ¶ 5. Shortly after his arrival, Petitioner was

---

[1] Attached to the response, Respondents include a declaration from Michael Ketels, ECF No. 8-1, the Deportation Officer assigned to Petitioner's case, *id.* ¶ 1.

1

apprehended by United States Customs and Border Protection (CBP), determined to be inadmissible to the United States, and placed in expedited removal proceedings before being transferred to ICE custody. *Id.* ¶¶ 5, 7, 8. After Petitioner claimed fear of persecution if he returned to Iran, he was referred to U.S. Citizenship and Immigration Services (USCIS) for a credible fear interview and subsequently released on his own recognizance. *Id.* ¶¶ 6, 9, 10. Despite Petitioner's representation that he complied with all requirements imposed on him in connection with his release, ECF No. 1 ¶ 5, Petitioner was nevertheless arrested and detained by ICE pending resolution of his removal proceedings on June 22, 2025, ECF No. 8-1 ¶ 13. Since then, Petitioner has been held in custody at the Denver Contract Detention Facility in Aurora, Colorado, where he has remained for the last eleven months. ECF No. 1 ¶ 9.

On March 26, 2026, while in detention, an immigration judge (IJ) held Petitioner's removal hearing. *Id.* ¶ 8; ECF No. 8-1 ¶ 17. At the hearing, the IJ denied Petitioner's application for asylum and ordered him removed to Iran but granted Petitioner's application for withholding of removal to Iran. *Id.*; ECF No. 8-1 ¶ 17. As neither party appealed the IJ's ruling, Petitioner's order of removal became final on April 25, 2026. ECF No. 8-1 ¶¶ 18, 19. According to Respondents, Petitioner is currently detained pursuant to 8 U.S.C. § 1231. *Id.* ¶ 20.

Petitioner files the instant habeas petition in connection with his detention and argues that his re-detention and indefinite detention violate the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act (INA) and implementing regulations, and ICE's own policies. ECF No. 1 ¶ 10. As relief, Petitioner requests that

the Court order his immediate release because, right now, there is "no end in sight" to his detention. *Id.* at ¶ 9, 21. In response, Respondents argue that Petitioner is properly held pursuant to 8 U.S.C. § 1231 because he has a final order of removal and his "relatively brief" detention since his order of removal became final does not violate the INA or Petitioner's constitutional rights. ECF No. 8 at 5–6. The Court agrees with Respondents.

The INA governs the detention, release, and removal of noncitizens ordered removed from the United States. *See* 8 U.S.C. § 1231(a)(2). Once an order of removal becomes final, the INA affords the Department of Homeland Security (DHS) 90 days to remove the noncitizen from the country; this 90-day period is referred to as the "removal period." *Id.* § 1231(a)(1)(A), (B)(i). During the removal period, the INA requires that DHS detain noncitizens. *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall* detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.") (emphasis added).[2]

---

[2] Although detention during the 90-day removal period is mandatory, the INA provides that detention beyond the removal period is permissible as to certain categories of noncitizens. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579, 142 S.Ct. 1827, 213 L.Ed.2d 125 (2022) (quoting 8 U.S.C. § 1231(a)(6)). However, the Supreme Court has cautioned that even if a noncitizen falls into one of the specified categories, the "indefinite detention of a [noncitizen] would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Thus, the Court concluded that the administrative detention of a noncitizen is permissible so long as their removal is "reasonably foreseeable." *Id.* at 699-700. The *Zadvydas* Court further explained that detention for six months or less is presumed reasonable, but after six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In this case, Petitioner has not been held in detention for the full 90-day removal period since his order of removal became final, let alone the presumptively unreasonable six-month mark described in *Zadvyas*.

This requirement renders Petitioner's request for relief premature. "[T]he removal period runs from the time the removal order becomes administratively final and not from the time the noncitizen is taken into custody." *Gregorio Ordonez v. Bondi*, No. 2:25-cv-02356-JHC-TLF, 2025 WL 3852444, at *6 (W.D. Wash. Dec. 19, 2025), *report and recommendation adopted*, No. 2:25-cv-02356-JHC-TLF, 2026 WL 30022 (W.D. Wash. Jan. 5, 2026) (citing *Ulysse v. Dept. of Homeland Security*, 291 F. Supp.2d 1318, 1325-26 (M.D. Fla. 2003)); *see also* 8 U.S.C. § 1231(a)(1)(B) (the "removal period" begins once a noncitizen's removal order "becomes administratively final"). Thus, even though Petitioner has been held in immigration detention since June 2025, he has only been held pursuant to § 1231 since his order of removal became final on April 25, 2026. *See* ECF No. 8-1 ¶¶ 18, 19. Accordingly, Petitioner is still within the 90-day removal period and is permissibly held in immigration detention pursuant to § 1231(a)(2)(A). *See, e.g.*, *Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) (denying habeas petition where petitioner's removal order only recently became final and thus he was within the 90-day removal period, even though petitioner had previously been detained while removal proceedings were pending); *Santiago Ocanto v. Walker*, No. 1:26-cv-01730-RMR, 2026 WL 1374207, at *3 (D. Colo. May 15, 2026) (denying petitioner's "premature" habeas petition without prejudice where his "detention [was] within the presumptively reasonable six-month period under *Zadvydas*"); *S.H. v. Warden, Stewart Det. Ctr.*, 2022 WL 1280989, at *2 (M.D. Ga. Feb. 15, 2022) ("Because Petitioner filed his habeas application challenging his detention under § 1231(a) less than ninety days after he became detained pursuant to that provision, his claims are premature under both the

4

ninety-day removal period and the *Zadvydas* presumptively reasonable six-month period.").

Accordingly, Petitioner's Petition for Writ of Habeas Corpus and for Relief Under the Administrative Procedure Act or Under 42 U.S.C. Section 1983 or Under the U.S. Constitution, ECF No. 2, is DENIED WITHOUT PREJUDICE.

DATED this day 17th day of June 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge